IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | CIVIL ACTION NO. 3:19-cv-39 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| TRE RAGAZZI, INC. d/b/a TRE | ) | |
| REGAZZI, INC., ROMAN TIRACAVE, | ) | |
| and SALLY TIRACAVE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment. (ECF No. 8.) Defendants Tre Ragazzi, Inc., Roman Tiracave, and Sally Tiracave have failed to respond within the allotted time. Accordingly, the motion is ripe for disposition. For the following reasons, Plaintiff's Motion is **GRANTED**.

I.     **Background**[1]

Plaintiff filed a Complaint against Defendants on March 11, 2019. (*See* ECF No. 1.) Plaintiff, a Pennsylvania corporation, held the exclusive commercial distribution rights to the broadcast of *Ultimate Fighting Championship® 230: Cormier v. Lewis*, which was telecast nationally on November 3, 2018 (the "Program"). (*Id.* ¶ 1.) Defendant Tre Ragazzi, Inc. operates the establishment, a restaurant and sports bar, known as Tre Ragazzi (the "Establishment"), located in Cresson, Pennsylvania. (*Id.* ¶ 2.) Defendants Roman Tiracave and Sally Tiracave co-own the Establishment. (*Id.* ¶¶ 3–4.) Defendants, or someone acting on their behalf, willfully

---

[1] The Court takes the facts the Complaint. The Court accepts these facts as true for purposes of ruling on this motion.

intercepted the Program without authorization, and then exhibited the Program to the patrons inside the Establishment. (*Id.* ¶¶ 11–13.)

Plaintiff filed the Complaint seeking statutory damages, plus interest, costs, and attorneys' fees for Defendants' alleged violations of 47 U.S.C. § 605, or, in the alternative, 47 U.S.C. § 553. (*Id.* ¶ 19.)

On June 28, 2019, the Clerk of Court entered default against Defendants. (ECF No. 7.) Defendants have not appeared to contest Plaintiff's Motion for Default Judgment.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Once the clerk enters default, the party seeking default judgment must ask either the clerk or the court to enter a default judgment. FED. R. CIV. P. 55(b). In order for the clerk to enter a default judgment, the plaintiff's claim must be for either a sum certain or a "sum that can be made certain by computation." *Id.* In all other cases, a party must apply to the court for default judgment. *Id.* "[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

The Third Circuit has provided district courts with factors to guide the exercise of their discretion. The Third Circuit has stated that "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). When the defendant is in

default and has not opposed the motion for default judgment, district courts give less deference to these factors. *See Broadcast Music, Inc. v. George Moore Enters., Inc.*, 184 F. Supp. 3d 166, 170 (W.D. Pa. 2016).

In addition, "prior to the entry of default judgment, the [d]istrict [c]ourt must satisfy itself that the [c]ourt has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought." *Harris v. Dollar Gen. Corp.*, Civil Action No. 16-416, 2016 WL 2733227, at *1 (W.D. Pa. May 11, 2016) (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) ("It is an elementary requirement that personal jurisdiction be established in every case before a court has power to render any judgment.")); *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) ("If a court lacks personal jurisdiction over a defendant, the court does not have jurisdiction to render a default judgment, and any such judgment will deemed [sic] void."). Finally, before entering a default judgment, the court must determine whether the well-pleaded facts in the plaintiff's complaint state a cause of action against the defendant. *See Caplan v. Premium Receivables LLC*, No. 2:15-cv-474, 2015 WL 4566982, at *1 (W.D. Pa. July 29, 2015).

### III. Jurisdiction

The Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, namely 47 U.S.C. § 553 and 47 U.S.C. § 605. (ECF No. 1 ¶ 5.)

Further, the Court has personal jurisdiction over Defendants. Defendant Tre Ragazzi, Inc. has minimum contacts with the Western District of Pennsylvania because it operates the Establishment where the events in question occurred, and that Establishment is located within

this district. (ECF No. 1 ¶ 2); *see Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Defendants Roman and Sally Tiracave also have minimum contacts with this district because they own the Establishment and authorized the receipt and exhibition of the Program in this district. (ECF No. 1 ¶¶ 3-4); *see Int'l Shoe Co.*, 326 U.S. at 316.

Venue is appropriate under 28 U.S.C. § 1391 because a substantial portion of the events underlying Plaintiff's claims took place in the Western District of Pennsylvania. (*Id.* ¶ 6.)

## IV. Discussion—Plaintiff is Entitled to Default Judgment

The Court finds that Plaintiff has met the requirements of Federal Rule of Civil Procedure 55 and is therefore entitled to default judgment.

### A. *Chamberlain* Factors

The Third Circuit's *Chamberlain* factors weigh in favor of granting Plaintiff's Motion. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). First, Plaintiff will be prejudiced if the Court denies its Motion for Default Judgment because it will lose profits and suffer reputational damage as a result of Defendants' actions. *Chamberlain*, 210 F.3d at 164. Second, because Defendants have not filed an answer or motion to dismiss, the Court is unaware of any defenses Defendants might have. And third, because Defendants have not appeared, the Court cannot evaluate whether Defendants have a good reason for delay that could weigh against granting default judgment.

### B. Elements of Cause of Action Satisfied

Moreover, the Court finds that the allegations in Plaintiff's Complaint state a plausible cause of action against Defendants. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to sustain a claim under 47 U.S.C. § 553(a) and 47

U.S.C. § 605(a), a plaintiff must satisfy three elements: (1) interception of a satellite transmission or broadcast, (2) lack of authorization, and (3) publication *J&J Sports Prods. v. Ramsey*, 757 F. App'x. 93, 95 (3d Cir. 2018). Plaintiff filed a Licensing Agreement showing that it was the exclusive owner of the rights to broadcast the Program. (ECF No. 8-3 ¶ 1.) Defendants did not have permission to broadcast the Program to the patrons, yet Plaintiff's auditor visited the Establishment on the night of the Program and witnessed the broadcast. (ECF No. 8-2 ¶ 8; ECF No. 8-5.) Defendants intercepted the Program without authorization and then published it to third parties. Therefore, Plaintiff has pleaded a plausible claim under both 47 U.S.C. § 553(a) and 47 U.S.C. § 605(a).

### C. Individual Liability of Roman and Sally Tiracave

Plaintiff seeks to hold Defendants Roman and Sally Tiracave jointly liable with Tre Ragazzi. (ECF No. 8-9 ¶ 1.) Other district courts have held that an individual is jointly liable with his or her corporation for a violation of 47 U.S.C. § 605(a) when the individual: "(1) has the right and ability to supervise the violative activity, although he need not actually be supervising, . . . and (2) has a direct financial interest in the violation . . . even if not proportional or precisely calculable, that directly flow from the violative activity." *J&J Sports Prods. v. Cruz*, No. 14-2496, 2015 U.S. Dist. LEXIS 64717, at *10-11 (E.D. Pa. May 18, 2015). Here, the Complaint alleges that Roman and Sally Tiracave, as owners of the Establishment, had a right and ability to supervise the activities that occurred there, as well as an obvious and direct financial interest in the activities of the Establishment. (ECF No. 1 ¶¶ 3-4.) Therefore, Plaintiff's well-pleaded complaint establishes that Roman and Sally Tiracave can be held jointly liable with Tre Ragazzi.

### D. Damages

#### 1. Statutory Damages

With respect to damages, the relevant statute provides for the aggrieved party to "recover an award of statutory damages for each violation under [provision] (a) involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Here, Plaintiff requests $5,000 in statutory damages. (ECF. No. 8—1.)

The western district has previously awarded a flat sum for a factually similar violation of 47 U.S.C. § 605. *Kingvision Pay-Per-View, Ltd. v. Lardo*, No. 10-cv-0059, 2010 U.S. Dist. LEXIS 88345, at *7–8 (W.D. Pa. August 26, 2010). There, the defendant intercepted a televised fight and broadcast it to the individuals in its establishment without the plaintiff's permission. *Id.* at *2–3. In determining the amount of damages to award, the court considered the fact that the defendant would have paid plaintiff $900 to broadcast the fight had the defendant gone through the proper channels, the fact that plaintiff suffered additional harm that was difficult to calculate, and the fact that the court wanted to deter similar conduct in the future. *Id.* at *7–9. Based on these factors, the court awarded plaintiff $3,000 in statutory damages. *Id.* at *9.

In the present matter, Plaintiff filed an affidavit explaining that it would have cost Defendants approximately $788 to buy a license to broadcast the program. (ECF No. 8-2 ¶¶ 7–8.) Plaintiff further alleges that it suffered damage to its goodwill and reputation as a result of Defendants' conduct. (ECF No. 8-1.) For example, Plaintiff informs potential broadcasting establishments the location of other establishments that have purchased the rights to broadcast its programs. (*Id.*) Therefore, Defendants' decision to broadcast the program without

authorization potentially casts doubt on Plaintiff's truthfulness in its interactions with other parties and harms those relationships. (*Id.*) Therefore, in an effort to compensate Plaintiff for the money it should have received from Defendants to broadcast the program, for additional harm suffered, and deter similar conduct in the future, this Court will award Plaintiff $3,000 in statutory damages.

### 2. Enhanced Damages

47 U.S.C. § 605 also provides for individuals to seek an award of further damages whenever a defendant acts willfully: "in any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage ... the court in it its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000." 47 U.S.C. § 605(e)(3)(C)(ii). Here, Plaintiff seeks $15,000 in enhanced damages. (ECF No. 8-1.)

Plaintiff filed an affidavit containing the statements of its president, Joe Hand. (ECF No. 8-2, ¶ 1.) In the affidavit, Hand stated that his company's programming cannot be intercepted by accident. (*Id.* at ¶ 9.) In order for an individual to intercept Plaintiff's programming, he or she would have to purchase a device for a fee and then use that device to pirate the broadcast. (*Id.*) Because this is uncontested, Plaintiff has established that Defendants acted willfully whenever they intercepted the Program and broadcast it to the patrons in the Establishment. Accordingly, this Court must determine the amount of enhanced damages to award Plaintiff.

Other courts have considered factors such as the following when determining how much to award in enhanced damages in similar situations: consistent, repeated violations over

time; defendant's advertising its intended broadcast; the existence of a cover charge; and premiums for food and drinks. *Kingvision*, 2010 U.S. Dist. LEXIS 88345, at *9–10.

In the present matter, Plaintiff did not provide evidence that Defendants have engaged in similar conduct before. Second, Plaintiff did provide an exhibit showing that Defendants advertised the broadcast of the Program on both Facebook and Twitter. (ECF No. 8-7.) Third, Plaintiff filed an affidavit containing the statements of its informant that attended the Establishment on the evening of the Program, which stated that he did not pay a cover charge to enter the Establishment. (ECF No. 8-5.) Although the informant ordered food, he did not indicate that he or anyone else in the Establishment paid a premium for food and drinks on the evening of the Program. (*Id.*) In sum, Defendants willfully intercepted the Program and advertised its broadcast. However, there is no evidence that Defendants have engaged in such conduct before, charged a cover charge, or charged a premium for food and drinks on the night of the Program. Because Defendants' conduct was apparently willful but there is no evidence that it was habitual, this Court awards Plaintiff $2,000 in enhanced damages.

### 3. Attorney's Fees and Costs

Under 47 U.S.C. § 605, Plaintiff is entitled to reasonable attorneys' fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii). Accordingly, this Court awards Plaintiff the $525 in costs that it has requested, and will order Plaintiff to submit an itemized list of attorneys' fees, detailing the actual time expended by task, and the hourly rate charged.

## V. Conclusion

In conclusion, the Court finds that the Plaintiff is entitled to default judgment, and will award $5,000 in damages under 47 U.S.C. § 605 (e)(3)(c)(i)(II) and (e)(3)(C)(ii).

## VI. Order

AND NOW, this 19th day of September, 2019, upon consideration of the Plaintiff's Motion for Default Judgment (ECF No. 8), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment is entered against Defendants as follows:

(a) Statutory damages pursuant to:
47 U.S.C. § 605(e)(3)(C)(i)(II)        $3,000.00
(b) Statutory damages pursuant to:
47 U.S.C. § 605(e)(3)(C)(ii)           $2,000.00
(c) Attorney's fees                     to be determined and added
(d) Costs                               $525.00
**TOTAL**                               **$5,525.00**

The Clerk of Court shall enter judgment in the amount of $5,525.00 plus interest at the rate of 6.875% per annum to the date of judgment plus interest from the date of judgment at the legal rate and collection costs. Plaintiff must file an itemization of attorney's fees no later than September 30, 2019.

**IT IS FURTHER ORDERED** that Plaintiff shall be paid the amount adjudged due to Plaintiff with interest thereon to the time of such payment, together with costs of this action and together with attorney's fees when determined.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE